# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | CR 10-127 |
| v. | ) | CV 16-192 |
| DOMINICK TYREE HOWARD | | |

## MEMORANDUM ORDER

In this action, Defendant pleaded guilty to two counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922, and one count of assaulting, resisting, or impeding officers or employees, in violation of 18 U.S.C. § 111.  On April 25, 2011, Defendant was sentenced to concurrent terms of imprisonment of 151 months and 120 months.  He appealed, and the Government moved to enforce Defendant's appellate waiver by summary action.  The Court of Appeals granted the Government's Motion on April 5, 2012, which the Court directed was to be treated as a mandate.  The mandate letter was dated February 18, 2015, and both the letter and summary affirmance were placed on the District Court docket on that date.

On February 23, 2016, Defendant filed a pro se Motion to Vacate his sentence, pursuant to 28 U.S.C. § 2255.  Therein, Defendant raises challenges relating to the application of U.S.S.G. § 4B1.1, as well as a search of his home and vehicle and his appellate waiver.  Counsel was appointed, and on June 24, 2016, filed an Amended Motion to Vacate asserting a claim pursuant to Johnson v. United States, 135 S. Ct. 2551 (2015).  Subsequently, counsel requested and received an opportunity to file supplemental materials.  The Court then stayed the matter, at the Government's request, pending Beckles v. United States, 137 S. Ct. 886 (2017).  After Beckles was decided, Defendant's counsel submitted to the Court that he was unable to submit any

position of arguable legal merit to counter the Government's position that Defendant's claims were either time-barred or lacked merit. Defendant filed a pro se amendment to his supporting brief, and the Court has considered that amendment and all other pertinent documents.

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v. Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). I further note that pro se pleadings are to be construed liberally, and I have so construed Defendant's submissions prior and subsequent to the appointment of counsel. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007). In this case, a hearing is unnecessary, and the Motion will be disposed of on the record.

Defendant's Motion must be denied as untimely. 28 U.S.C. § 2255(f) supplies a one-year limitations period for such petitions. According to defense counsel, the operative date is April 5, 2012, when the Court of Appeals dismissed Defendant's direct appeal. Defendant's 2016 Motion, therefore, was filed long after the applicable time period expired. To the extent that Defendant seeks to rely on Johnson to enlarge the time limit, Beckles foreclosed that possibility by clarifying that Johnson does not extend to the advisory Sentencing Guidelines.[1] Defendant has pointed to no other case that would support restarting the Section 2255(f) time period in his favor.

---

[1] In addition, even if it were deemed timely, Defendant's collateral attack waiver, which was thoroughly covered during his November 3, 2010 plea hearing, would erect a potential barrier to relief. Our Court of Appeals has already determined that his appellate waiver shall be enforced, and it is not my role to review that decision. Moreover, the Court of Appeals' summary affirmance of the appellate waiver portion of Defendant's plea supports the voluntariness of that plea.

Pursuant to 28 U.S.C.§ 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

In conclusion, Defendant has not shown a fundamental defect that inherently results in a complete miscarriage of justice, or an omission inconsistent with the rudimentary demands of fair procedure. Therefore, Defendant's Section 2255 Motion will be denied, and no certificate of appealability shall issue.

AND NOW, this 4th day of January, 2018, IT IS SO ORDERED.

BY THE COURT:

/s/Donetta W. Ambrose

_____

Donetta W. Ambrose

Senior Judge, U.S. District Court